**Miroslaw JODELKA, Petitioner,**

v.

**John ASHCROFT, John Carbone, Interim Field Office Director for Detention & Removal Bureau of Immigration and Customs Enforcement in Newark, New Jersey, Respondents.**

No. 03–40866.

United States Court of Appeals, Second Circuit.

June 1, 2005.

---

* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Neely Moked, for Petitioner.

Mark E. Schneider, Assistant United States, Attorney (Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, James P. Fleissner, Assistant United States Attorney, Carole J. Ryczek, Assistant United States Attorney, on the brief), Office of the United States Attorney for the Northern District of Illinois, Chicago, IL, for Respondent.

Present: MESKILL, NEWMAN and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition is hereby **DENIED.**

Miroslaw Jodelka petitions this Court to review an October 10, 2003, decision of the Board of Immigration Appeals ("BIA"), denying his motion reopen his deportation proceedings. We review this decision of the BIA for abuse of discretion, *see, e.g., Mardones v. McElroy,* 197 F.3d 619, 624 (2d Cir.1999), and will not disturb that decision unless we determine that the BIA "has acted in an arbitrary or capricious manner," *Zhao v. United States Dept. of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

We have reviewed Jodelka's arguments, and the Certified Administrative Record ("CAR"), and we hold that the BIA did not abuse its discretion. First, the BIA explained in its October 10, 2003, decision that Jodelka's motion to reopen his deportation proceedings was received over three years later than is required by statute. *See* CAR at 2; 8 C.F.R. § 1003.2(c)(2). Jodelka does not dispute that he missed the filing deadline for his motion, and we hold in the circumstances presented that the BIA was neither "arbitrary" nor "capricious" in denying Jodelka's motion.

Second, before this Court, Jodelka argues that even if he missed the applicable filing deadline for his motion, he is entitled to "equitable tolling" of the limitations period. To support his argument, Jodelka argues that he missed the filing deadline only because at least three lawyers provided him with inadequate representation at various stages of his deportation proceedings. Nevertheless, we hold on this record that his failure to file his motion for *over three years* beyond the applicable, 90–day, limitations period is shy of the "reasonable diligence" required from him who seeks equitable tolling. *See Iavorski v. United States INS,* 232 F.3d 124, 134 (2d Cir.2000) ("[E]quitable tolling requires a party to pass with reasonable diligence though the period it seeks to have tolled.") (quotation marks omitted). We have previously held that a petitioner's failure to stay abreast of his counsel's performance with respect to deportation proceedings for a two-year period may constitute a lack of diligence for purposes of an equitable tolling inquiry, *id.* (denying equitable tolling, despite the petitioner's allegation of ineffective assistance of counsel, and holding that "it is reasonable to assume that [the petitioner] should have known that he had been a victim of ineffective assistance of counsel well before the end of the two-year period he seeks to toll"), and we conclude the same today with respect to Jodelka.

\*　　\*　　\*　　\*　　\*　　\*

We have considered all of Jodelka's arguments, and we find each of them to be without merit. Accordingly, the petition for review is hereby **DENIED.**